UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Docket Number: 22-CR-10185-IT (3) |
| | ) | |
| CHENGZOU LIU, | ) | |
| Defendant. | ) | |

**DEFENDANT CHENGZUO LIU'S SENTENCING MEMORANDUM**

The defendant, Chengzuo Liu, submits this Memorandum to assist the Court in sentencing. Although his Guideline sentencing range is 37-46 months, under the parties' plea agreement the government is recommending a sentence of 30 months.

For all the reasons set forth in this memorandum, the defendant is asking the Court to sentence him to a term of probation. He is a first offender, with no criminal record, and a history of legitimate work to support his family since he arrived in the United States. While he has been convicted and fully acknowledges his guilt, he was selling marijuana. Marijuana is legal in many states, including Massachusetts, and there have been persistent and increasingly popular efforts to legalize, or at least reschedule, marijuana (from Schedule I to Schedule III) in Congress.[1] He turned to dealing after his business failed during the pandemic.

**Mr. Liu's Background**

Mr. Liu came to this country in 2011 and has his green card. He completed high school and army service in China before emigrating. He is married to Tracy Xu, whom he has known

---

[1] https://www.reuters.com/legal/litigation/with-2023-rearview-mirror-what-should-cannabis-industry-expect-2024-2024-01-09/#:~:text=We%20anticipate%20that%20many%20of,cannabis%20convictions%2C%20and%20the%20States.

since grade school in China. They have two children, ages 8 and 10. They live in Weymouth, in a

house owned by Ms. Xu's sister and their children attend Weymouth schools.

Mr. Liu's wife and his sisters-in-law and his childrens' teacher have  written letters to

support him (All letters of support are included in **Exhibit A**.)  They all remark that Mr. Liu is

dedicated to his family and devoted to his children. His wife remarks on how hard it was for him

during the pandemic, when he lost the internet café business he had started and was unable to

support his family. It was at this point that he started working for marijuana dealers who knew

him from his café. He was selling marijuana for them and took the proceeds to the China

Gourmet Restaurant to be sent to bank accounts in China that his employers provided to him. [2]

He used his income from this to support his family during the pandemic. A review of his work

history makes it clear that he has always worked at legitimate jobs other than during this time,

after his business failed. He has been working since his arrest as a cook in a Chinese restaurant in

Quincy, and his income is critical to his family. As the PSR lays out, Mr. Liu's income is

roughly 2/3 of the family's total income, and they still fall short of their monthly expenses. He

hopes, if the Court sentences him to probation, to get a second job to supplement their income.

## Application of the Guidelines

Mr. Liu has pled guilty to the charged offenses, and the PSR recommends a 3-point

reduction from his base offenses level of 26, based on 157.8 kilograms of marijuana.  Mr. Liu is

also a first offender, with no prior charges or arrests, so he received an additional 2-point

reduction, resulting in a final level of 21 and a guideline range of 37-46 months. As noted, the

---

[2] Counsel failed to notice and object to the assertion in the statement of facts in the PSR, ¶ 13, that the proceeds of sales were wired to "Liu's" bank accounts in China. The account numbers he provided were given to him by his employers. They were not his accounts. He received payment out of the cash proceeds of sales, and he wired the balance of cash as he was instructed. Counsel have notified Probation and the government that they intend to raise this at sentencing.

government, pursuant to the parties' plea agreement, is recommending a 30-month sentence as a result of counsel having early on in the case apprised the government that the defendant would be pleading guilty.

### Sentencing

The low end of the guidelines is 37 months. The government is recommending 30 months. The defendant is requesting a sentence of probation. As the Court knows, it may impose a sentence below the guideline range, and indeed *must* do so to the extent that doing so will result in a sentence that is "sufficient, but not greater than necessary," to satisfy the statutory requirements of 18 U.S.C. § 3553(a)(2). See § 3553(a) ("The court *shall* impose [such a sentence]" (emphasis added)); *United States v. Prosperi*, 686 F.3d 32, 42-43 (1st Cir. 2012) (finding sentence of six months of home confinement, three years of probation, and 1,000 hours of community service substantively reasonable where guidelines range was 87-108 months and discussing the "very broad" discretion afforded sentencing courts and the deference accorded their sentencing decisions (citations omitted)); *United States v. Tomko,* 562 F.3d 558, 5 (3d Cir. 2009)(*en banc*)(trial judge's variance from a 12-18 month guideline range to probation, based on an analysis of section 3553 factors, was substantively reasonable where the judge relied on "[the defendant's] negligible criminal history, his employment record, his community ties, and his extensive charitable works as reasons for not incarcerating [him]."). As elucidated more fully in the background provided above and summarized below in a review of the factors to be considered in sentencing, a sentence of probation is fully sufficient to meet the objectives set forth in 18 U.S.C. § 3553(a).

*Nature and Circumstances of the Offense.*

The JSIN information provided in the PSR indicates that 14% of defendants sentenced for similar offenses (with a 21-point guideline score and excluding cooperating defendants) received a sentence of probation. Those statistics encompass money laundering offenses involving all controlled substances. Mr. Liu was selling marijuana, which as noted above is legal to use, both medically and recreationally, in Massachusetts and many other states. Marijuana is legal for recreational use in 24 states and the District of Columbia, and an additional 14 states have legalized marijuana for medical use.[3] A study by government scientists recently released concludes that marijuana has potential medical uses and is dramatically less dangerous than other Schedule I drugs and recommends to the Drug Enforcement Administration that it be reclassified as a Schedule III drug.[4] Bills have been introduced in the last several sessions of Congress to legalize marijuana and there are multiple bills pending that would either reduce or eliminate federal criminal penalties and allow marijuana businesses to obtain standard commercial financing.[5] It is appropriate that Mr. Liu's case, involving marijuana, fall into the 14% of cases where probation was imposed.

Despite these proposals, the current legal landscape, and federal law, including the sentencing guidelines, has not yet changed to acknowledge the enormous changes that have taken place on the state level and in public sentiment. Mr. Liu accepts that he must be punished for his offense, but the Court should consider these changes and vary from the guidelines, not only because the drug at issue is marijuana, but because this is Mr. Liu's first offense of any

---

[3] https://en.wikipedia.org/wiki/Legality_of_cannabis_by_U.S._jurisdiction
[4] https://www.nytimes.com/2024/01/12/health/marijuana-fda-dea.html?smid=nytcore-ios-share&referringSource=articleShare.
[5] https://www.reuters.com/legal/litigation/where-things-stand-summary-pending-federal-cannabis-legislation-2024-02-07/.

kind, and because he is the primary support for his children. He turned to selling marijuana during the pandemic, when his business failed, to support his children. He was paid $25 per pound, which comes out to about $8,500 for the 158 kilograms he is found responsible for.. The changed legal landscape regarding marijuana argues that a probationary sentence reflects the seriousness of his offense, and further undercuts a need to "promote respect for the law" since that law in Massachusetts allows marijuana use, and while Mr. Liu's activities remain illegal, legal production and distribution of marijuana is fully in place in Massachusetts.

***History and Characteristics of the Defendant and the Need to Provide him with Needed Services.***

Mr. Liu has no prior convictions, or even arrests. With the exception of this case, he has always worked in legitimate jobs since marrying his wife and coming to this country in 2011. He committed this offense when his business failed because of the pandemic and he needed to find a way to support his family. His wife and her sisters have written the letters attached in **Exhibit A** and described above that attest to his commitment to his family and his consistent history of work to support them. Having the ability to continue to work to support his family, which a sentence of probation would allow, is his greatest need.

***Reflecting the Seriousness of the Offense, Respect for Law, Providing Just Punishment, and Affording Adequate Deterrence, and Protecting the Public from Further Crimes.***

As discussed above, this case involves only marijuana. A probationary sentence reflects the seriousness of this offense and will provide a just punishment. Mr. Liu has 0 criminal history points, and not even a prior arrest or charge, and the Sentencing Commission has noted that first offenders are far less likely to commit further crimes, as discussed in the initial proposed amendment that eventually became section 4C1.1:

Recidivism data analyzed by the Commission suggest that offenders with zero criminal

history points ("zero-point" offenders) have considerably lower recidivism rates than other offenders, including lower recidivism rates than the offenders in Criminal History Category I with one criminal history point. See U.S. SENT'G COMM'N, RECIDIVISM OF FEDERAL OFFENDERS RELEASED IN 2010 (2021), available at https://www.ussc.gov/research/research-reports/recidivism-federal-offenders-released-2010. Among other findings, the report concluded that "zero-point" offenders were less likely to be rearrested than "one point" offenders (26.8% compared to 42.3%), the largest variation of any comparison of offenders within the same Criminal History Category. In addition, 28 U.S.C. § 994(j) directs that alternatives to incarceration are generally appropriate for first offenders not convicted of a violent or otherwise serious offense.

A sentence of probation for Mr. Liu, who is in this class, satisfies the need to protect the public from further offenses. In addition to the statistics on zero-point offender recidivism, age also reduces the likelihood of recidivism, and Mr. Liu is 38. See the Sentencing Commission's analysis of the effect of age on recidivism at https://www.ussc.gov/research/research-reports/effects-aging-recidivism-among-federal-offenders.

## Conclusion

For all the reasons set forth above, Mr. Liu asks that this Court sentence him to a term of probation for 3 years, with a condition of house arrest for 1 year, but that he be allowed to leave the house for work and medical appointments.

Respectfully submitted,

/s/ Norman S. Zalkind
/s/ David Duncan
Norman S. Zalkind (#358880)
David Duncan (#546121)
Of Counsel,
Zalkind Duncan & Bernstein LLP
65A Atlantic Avenue
Boston, MA 02110
(617) 742-6020
nzalkind@zalkindlaw.com
dduncan@zalkindlaw.com

Dated: April 17, 2024

## CERTIFICATE OF SERVICE

6

7

I hereby certify that a true copy of the above document was served upon all attorneys of record by electronic filing on the above date.

/s/ David Duncan
David Duncan