UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(3) CHENGZOU LIU, a/k/a "Sam",<br><br>Defendant | No.22-cr-10185-IT |

**GOVERNMENT'S SENTENCING MEMORANDUM**

On December 20, 2023, defendant Chengzou LIU pleaded guilty pursuant to a plea agreement to Counts One and Four of the indictment charging him with money laundering conspiracy, in violation of 18 U.S.C. § 1956(h), and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1).  Per the plea agreement, the government is asking the Court to impose a sentence of 30 months of imprisonment followed by 3 years of supervised release.  This is a below-guidelines sentence that the government submits is sufficient but not greater than necessary considering, among other things, the applicable Guidelines sentencing range, the nature of the offenses and the defendant's role in those offenses, and the need to promote respect for the law and adequate deterrence.

   A. **Sentencing Guidelines**

The Presentence Report (PSR) determined that LIU's total offense level is 21.  As detailed in the plea agreement, the government agrees with this total offense level.

As noted in the PSR, LIU's two offenses of conviction for money laundering and drug trafficking group for purposes of determining his Guidelines recommended sentence, and the money laundering offense drives the offense level here.  Appropriately, the base offense level for the money laundering offense accounts for LIU's role in both the money laundering and drug

1

trafficking activity at issue in this case. In particular, because LIU was convicted of the drug trafficking offense from which the laundered funds were derived, the base offense level for his money laundering conviction is based on the significant seizures of drugs and drug proceeds from LIU during this investigation.

The total offense level also includes a reduction for LIU's acceptance of responsibility and his lack of prior convictions. After accounting for these reductions, the Guidelines sentencing range is 37 to 46 months of imprisonment. The government's recommended sentence of 30 months is a downward variance from the low-end of the Guidelines sentencing range, which the government submits is appropriate based on the reasons set forth in this memorandum and to be articulated at the sentencing hearing.

B. **Nature of the offenses and LIU's role**

LIU's offense conduct is detailed in the PSR and will not be repeated here in full. In sum, LIU was a prolific marijuana trafficker—dealing hundreds of pounds of marijuana during the course of this investigation—and generated hundreds of thousands of dollars in illicit proceeds that LIU laundered with his co-conspirators. LIU delivered tens of thousands of dollars in drug money at a time to his coconspirators, who then laundered the drug proceeds to bank accounts in China that LIU provided. For example, within a span of just three weeks in October 2021, LIU delivered about $170,000 in drug proceeds to his conspirators to launder to his bank accounts in China. This significant amount of money in a short time period shows the size and scale of LIU's criminal activity. This is also supported by the seizure of 98 pounds of marijuana and $158,750 in cash from LIU's residence when law enforcement executed a search warrant there two months later in December 2021.

The government's recommendation considers the nature of LIU's criminal activity, as well as his role in the offenses. LIU's role in the money laundering conspiracy is unique compared to some of his codefendants in that LIU was delivering illegal cash proceeds to his coconspirators for laundering. While LIU was one part of the larger money laundering organization, he nevertheless played an integral role to the success of the scheme and personally benefited from it.

### C. The need to promote respect for the law and adequate deterrence

The sophisticated nature of the money laundering scheme here warrants a significant sentence to promote respect for the law and adequate specific and general deterrence. The money laundering statutes promote deterrence in two ways:

> First, they provide deterrence by preventing drug traffickers and other criminals who amass large quantities of cash from using these funds "to support a luxurious lifestyle" or otherwise to enjoy the fruits of their crimes. Second, they inhibit the growth of criminal enterprises by preventing the use of dirty money to promote the enterprise's growth.

*United States v. Santos*, 553 U.S. 507, 535–36 (2008) (Alito, J. dissenting) (internal citations omitted). Both of these deterrence goals are relevant here.

First, LIU's money laundering allowed him to openly enjoy the fruits of his drug trafficking activity. During the months-long investigation, which included a court authorized wiretap on LIU's phone and months of physical and electronic surveillance, LIU's primary business was marijuana trafficking. But for his money laundering, he would not have been able to continue and benefit from his illegal business.

Second, LIU's money laundering furthered not only his criminal conduct, but the criminal conduct of the money laundering enterprise. The money laundering scheme here involved numerous international transactions comprising hundreds of thousands of dollars. LIU delivered drug proceeds to his coconspirators, who in turn laundered the proceeds to bank accounts in China.

These international transfers show a level of sophistication and effort to avoid detection that allowed the enterprise to grow. Moreover, the bulk cash drug proceeds also furthered the unlicensed money transmitting business of the codefendants by providing ready access to U.S. dollars necessary for the scheme, furthering the cycle of international money transfers designed to evade the law. To deter both LIU and others from engaging in these sorts of illegal monetary transactions, a significant sentence of incarceration is warranted.

## CONCLUSION

For the foregoing reasons and those to be articulated at sentencing, the government asks the Court to impose the requested sentence.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

/s/ Charles Dell'Anno
Charles Dell'Anno
Lauren Graber
Assistant U.S. Attorney

Date:   April 17, 2024

## CERTIFICATE OF SERVICE

      Undersigned counsel certifies that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                            */s/ Charles Dell'Anno*
                                            Charles Dell'Anno
                                            Assistant U.S. Attorney

Dated: April 17, 2024